```
                   UNITED STATES DISTRICT COURT
                   EASTERN DIVISION OF KENTUCKY
                     SOUTHERN DIVISION at LONDON


LILLIAN DARLENA FEE,           )
                               )
     Plaintiff,                )
v.                             )        Civil Case No.
                               )        6:12-cv-96-JMH
MICHAEL J. ASTRUE,             )
COMMISSIONER OF SOCIAL         )     MEMORANDUM OPINION & ORDER
SECURITY,                      )
                               )
     Defendant.                )
```

                                    ***

This matter is before the Court upon cross-motions for summary judgment on Plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits. [Tr. 12—20].[1] The court, having reviewed the record and being otherwise sufficiently advised, will deny Plaintiff's motion and grant Defendant's motion, thereby affirming the Commissioner's final decision.

**I.   OVERVIEW OF THE PROCESS AND THE INSTANT MATTER**

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

> 1.  An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
> 2.  An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.
>
> 3.  If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.
>
> 4.  If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work.  If the claimant is able to continue to do this previous work, then he is not disabled.
>
> 5.  If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work.  If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled."  *Id.*  "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary."  *Id.*

2

In the instant matter, the ALJ considered Plaintiff's claim in accordance with the five-step sequential evaluation process. [Tr. 12—20]. He first determined that Plaintiff did not engage in substantial gainful activity during the relevant time period under step one. [Tr. 14]. Under step two, the ALJ found that Plaintiff had four medically determinable severe impairments, including residuals of a torn medial meniscus with arthritis in the left knee, a history of epilepsy, lumbar strain, and anxiety. [Tr. 14].

After deciding that Plaintiff's impairments did not equal a listed impairment under step three, the ALJ proceeded to step four and found that Plaintiff has a residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR § 404.1567(a). [Tr. 16]. Although the ALJ found that Plaintiff cannot perform her past relevant work with this RFC, he determined with the assistance of a vocational expert that other work exists in significant numbers nationally and across the state that Plaintiff can perform in her condition. [Tr. 19]. Thus, the ALJ determined that Plaintiff is not disabled under the Social Security Act. [Tr. 19—20].

In this appeal, Plaintiff argues that the Commissioner's decision is not supported by substantial

3

evidence of record. Specifically, Plaintiff argues that the ALJ did not consider the entire record when making his decision [D.E. 9, Pl. Br., at 8], did not pose an accurate hypothetical question to the vocational expert [D.E. 9, Pl. Br., at 9], and did not properly evaluate Plaintiff's complaints of pain when determining her credibility [D.E. 9, Pl. Br., at 9]. The court has considered arguments by Plaintiff and the Commissioner, as well as the administrative record, and, for the reasons stated below, affirms the Commissioner's decision.

## II. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion, *see Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such

4

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

### III. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is currently forty-two years old with a tenth-grade high school education. [Tr. 31]. She has past work experience as a certified nursing assistant. [Tr. 18]. Plaintiff filed for disability under Title II on March 2, 2010, alleging disability beginning on January 10, 2009. [Tr. 12]. The claim was denied both initially and upon reconsideration. [Tr. 12]. Plaintiff requested a hearing with the ALJ, which took place on January 25, 2011. [Tr. 12]. The ALJ issued an unfavorable decision denying disability on February 14, 2011. [Tr. 20].

Plaintiff's medical problems primarily stem from a January 2009 incident when Plaintiff fell at work, hurting her knees and back. [Tr. 32]. After Plaintiff's fall, she visited Dr. Jose Echeverria approximately twenty-five times between January 2009 and February 2010 complaining of pain associated with this fall. [*See, e.g.*, Tr. 430–31; 361–62; 393–94]. Dr. Echeverria described Plaintiff's right knee and back pain as "resolved" on January 23, 2009. [Tr. 434]. Plaintiff underwent surgery on her left knee in December 2009, during which her surgeon, Dr. Kirpal Sidhu,

5

repaired a medial meniscus tear and performed shaving chrondoplasty. [Tr. 333].

On March 30, 2010, Plaintiff received an independent medical examination from Dr. Michael Best. [Tr. 538—53]. Dr. Best reported that Plaintiff had normal mobility, gait, motor strength, and range of motion in her knees. [Tr. 544—47]. Plaintiff did, however, have reduced strength in her quadriceps and hamstrings, which Dr. Best opined caused Plaintiff pain. [Tr. 549—50]. He recommended that Plaintiff go to physical therapy, and stated she could return to work. [Tr. 550—51].

Plaintiff visited Dr. David Muffly, M.D., in September 2010 for an orthopedic evaluation. [Tr. 709—11]. Dr. Muffly assessed Plaintiff with a four percent impairment due to her left knee injury and a five percent impairment due to her lumbar spine injury. [Tr. 711]. In December 2010, Dr. Muffly opined that Plaintiff could occasionally lift twenty pounds, frequently lift ten pounds, stand and/or walk two hours in an eight hour day, and sit for four hours in an eight hour day, so long as she is able to lie down. [Tr. 679]. Notably, Plaintiff also complains of a history of epilepsy. However, Plaintiff testified that she has not had a seizure for several years and is not currently on any medication for epilepsy. [Tr. 37].

6

**IV. Analysis**

Plaintiff's first argument is that the ALJ failed to consider the entire record in the case prior to denying her claim. Specifically, Plaintiff states in her brief that:

> [t]here are many factors in this case that reveal a decision that does not include all of the evidence submitted. Had all the evidence submitted been considered, the undersigned is confident a favorable decision would have been reached. It is imperative that one use all evidence available. This is necessary so that a reasonable mind can and does accept a decision. To accept the decision as one entered hereinabove would be contrary to the basic principles applied in Richardson v. Perales.

[D.E. 9, Pl. Br., at 8]. As evidenced by this passage, which is Plaintiff's sole argument on this point, Plaintiff fails to point to any specific portion of the record that the ALJ failed to consider. Neither does Plaintiff describe how such specific evidence might have changed the ALJ's decision. This court is not required to "formulate arguments on the Plaintiff's behalf" or engage in an "open-ended review of the entirety of the administrative record to determine . . . whether it might contain evidence that arguably is inconsistent with the Commissioner's decision." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006).

7

A brief review of Plaintiff's factual section in her brief [D.E. 9, Pl. Br., at 2—8], the ALJ's decision [Tr. 12—20], and Plaintiff's hearing [Tr. 28—57] demonstrates, however, that the ALJ considered all of the evidence before him when making his decision. For example, he considered Plaintiff's primary injury, her fall in the workplace that injured her back and knees, in detail. [Tr. 16]. He recounted Plaintiff's medical records from Drs. Echeverria, Best, Sidhu, and Muffly. [Tr. 17]. He addressed Plaintiff's anxiety disorder, history of epilepsy, and lumbar strain. [Tr. 17—18]. He also considered Plaintiff's testimony and her involvement in daily activities. [Tr. 18]. Quite frankly, the ALJ followed the legal framework required of him, and the mere fact that the "[c]laimant disagrees with the decision of the ALJ" is wildly insufficient to justify a reversal of his decision. [D.E. 9, Pl. Br., at 8].

In the same brief and perfunctory manner, Plaintiff argues that the ALJ's hypothetical question posed to the vocational expert (VE) was erroneous. To be clear, Plaintiff does not exactly articulate this argument; rather, she states in her brief that it is the Commissioner's burden to prove that there is available work for her in the economy, and follows with the correctly-

8

stated rule that an ALJ can rely on a VE's opinion to show work is available so long as the hypothetical question posed to him accurately portrays the claimant's physical and mental impairments. [D.E. 9, Pl. Br., at 9].

Again, Plaintiff fails to articulate any specific element that the ALJ left out of his hypothetical question. Nor does she put forth even a hint of an argument as to how a different hypothetical question may have led to a different result in her case. Upon review of the ALJ's hypothetical question, it appears to accurately reflect Plaintiff's impairments according to the objective medical evidence. [Tr. 54].[1] Once again, it is not this court's job to articulate the Plaintiff's arguments for her. *Hollon*, 447 F.3d at 491. Without a more specific argument about what part of this hypothetical fails to represent Plaintiff's characteristics, particularly when it appears to be an accurate portrayal, the court will go no further.

---

[1] The ALJ's most restrictive hypothetical reads as follows:

> Assume an individual of the same age, education and work background as the claimant. Individual is limited to lifting 20 pounds occasionally, 10 pounds frequently. Standing and walking is limited to two hours total in a workday, no longer than 15 minutes without interruption. With no climbing, kneeling, or crawling. Also, no exposure to unprotected heights, or to more than occasional vibration. Would there be jobs?

[Tr. 54].

9

Plaintiff's final contention, that the ALJ improperly discounted Plaintiff's credibility, was articulated slightly better than the remainder of Plaintiff's above arguments, as Plaintiff specifically argues that the ALJ improperly disregarded her complaints of pain. [D.E. 9, Pl. Br., at 9]. However, this final argument also falls short.

While an ALJ must consider a plaintiff's statements about her pain when determining whether she is disabled, "[d]iscounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (citing *Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1227 (6th Cir. 1988)). "Furthermore, an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Id.* at 531 (citing *Villareal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987)). In this case, the ALJ clearly explained that he partially discounted Plaintiff's credibility because the pain and symptoms that she alleged are inconsistent with both Plaintiff's testimony and the

10

objective medical evidence in the record. [Tr. 18]. For example, while Plaintiff claims on one hand that she has such pain that she cannot engage in any type of work whatsoever, she also readily admits to taking care of her toddler on her own, preparing meals, doing laundry, cleaning her house, driving, shopping for groceries and clothing, and attending church services. [Tr. 18]. The ALJ appropriately discounted Plaintiff's credibility to the extent that her involvement in these daily activities are inconsistent with her complaints of pain. *See Walters*, 127 F.3d at 532 (citing *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990); *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 (6th Cir. 1986) ("An ALJ may also consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments.")).

Moreover, any contention that Plaintiff is completely incapable of work is inconsistent with the objective medical evidence. Quite persuasively, nowhere in the administrative record does any physician, treating or otherwise, claim that Plaintiff is completely incapable of work. Indeed, both Drs. Sidhu and Best indicated that Plaintiff is capable of performing some type of work activity. [Tr. 474; 551]. Moreover, Dr. Muffly, whose

11

opinion Plaintiff seems to primarily rely on, never opines that Plaintiff is completely incapable of work-related activities. [Tr. 679—70; 709—11]. Therefore, contrary to Plaintiff's assertions, the ALJ appropriately evaluated Plaintiff's credibility in this matter in light of the entire administrative record.

In conclusion, the objective evidence in this case did not establish that Plaintiff is disabled within the meaning of the Social Security Act, and substantial evidence supports the ALJ's decision.

**IT IS ORDERED**:

(1) that Plaintiff's Motion for Summary Judgment [DE 9] is **DENIED**; and

(2) that Defendant's Motion for Summary Judgment [DE 10] is **GRANTED**.

(3) that the Commissioner's final decision be, and the same hereby is, **AFFIRMED.**

This the 26th day of December, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

12